People v McFadden (2020 NY Slip Op 02033)





People v McFadden


2020 NY Slip Op 02033


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-09709
 (Ind. No. 89766/94)

[*1]The People of the State of New York, respondent,
v
Reginald McFadden, appellant.


Mark Diamond, New York, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Judith R. Sternberg of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant pursuant to CPL 450.10(5) from an order of the Supreme Court, Nassau County (Francis Ricigliano, J.), dated June 27, 2018. The order, insofar as appealed from, in effect, denied that branch of his motion which was for forensic DNA testing of certain evidence pursuant to CPL 440.30(1-a).
ORDERED that the order is affirmed insofar as appealed from.
In 1994, the then 41-year old defendant robbed and murdered the 78-year-old victim. Upon his arrest, the defendant was wearing the victim's jewelry and he confessed to her murder. On September 27, 1995, the defendant pleaded guilty to murder in the second degree, and was thereafter sentenced to a term of imprisonment of 25 years to life. As part of his plea, he waived his right to appeal and never took a direct appeal from the judgment of conviction.
Beginning in 1996, the defendant began making CPL 440.10 motions to vacate his judgment of conviction. In each motion, he raised various arguments for vacatur, and each motion was denied by the Supreme Court. The defendant also sought leave to appeal to this Court from the denial of each of these motions, and this Court denied leave to appeal.
On or about October 24, 2017, the defendant made his sixth motion pursuant to CPL 440.10 to vacate his conviction, which included a request pursuant to CPL 440.30(1-a) for "DNA Testing on all forensic evidence." The People opposed the motion, contending that all of the defendant's arguments for vacatur fell within the statutory provisions of the Criminal Procedure Law for summary denial. In the order appealed from, the Supreme Court concluded that every one of the defendant's arguments should be summarily denied and denied the motion "in its entirety." The court also barred the defendant from making any further motions related to the vacatur of his conviction absent leave of the court. The court, in effect, denied that branch of the motion which was for DNA testing pursuant to CPL 440.30(1-a), and the defendant challenges that determination.
CPL 440.30(1-a)(a)(2) provides that a defendant who has been convicted upon a plea of guilty, inter alia, to a homicide offense, as that term is defined in article one hundred twenty-five of the penal law, may move for forensic DNA testing of specified evidence and that motion "shall [*2]be granted" upon the Court's determination "that evidence containing DNA was secured in connection with the investigation or prosecution of the defendant," and that, "if a DNA test had been conducted on such evidence and the results had been known to the parties prior to the entry of the defendant's plea and judgment thereon, there exists a substantial probability that the evidence would have established the defendant's actual innocence of the offense or offenses that are the subject of the defendant's motion" (CPL 440.30[1-a][a][2]). However, "[the] Court shall deny the defendant's motion for forensic DNA testing where the defendant has made his or her motion more than five years after entry of the judgment of conviction" (CPL 440.30[1-a][a][2][ii]).
Since the entry of the defendant's judgment of conviction occurred 22 years before he made the current request for DNA testing pursuant to CPL 440.30(1-a), and in light of the lack of any argument by the defendant that the 5-year limitations period should be tolled for any of the reasons articulated in the statute (see CPL 440.30[1-a][a][2][ii]), that branch of the defendant's motion was untimely.
Accordingly, we affirm the order insofar as appealed from.
SCHEINKMAN, P.J., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court