People v Brown (2021 NY Slip Op 05976)





People v Brown


2021 NY Slip Op 05976


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-01154
 (Ind. No. 1759/98)

[*1]The People of the State of New York, respondent,
v
Donald T. Brown, Jr., appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Karla Lato of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant pursuant to CPL 450.10(5) from an order of the Supreme Court, Suffolk County (Richard Ambro, J.), dated December 5, 2018. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPL 440.30(1-a) for forensic DNA testing of certain evidence.
ORDERED that the order is affirmed insofar as appealed from.
In April 1999, the defendant pleaded guilty to, inter alia, first-degree burglary, first-degree rape, and first-degree sodomy in connection with an incident which occurred in September 1998 in which the defendant entered the complainant's home and raped her. Within hours of the rape, the defendant was arrested wearing an article of clothing belonging to the complainant, and with an empty prescription pill bottle that belonged to the complainant in his pocket. Additionally, the complainant identified the defendant, with whom she was acquainted, as the assailant. The defendant was sentenced in May 1999.
In September 2018, the defendant moved, among other things, pursuant to CPL 440.30(1-a)(a)(2) to compel forensic DNA testing of a rape kit performed on the complainant and underwear recovered from the scene of the incident. The Supreme Court denied that branch of the defendant's motion, and the defendant appeals.
CPL 440.30(1-a)(a)(2) provides that a defendant who has been convicted upon a plea of guilty of, inter alia, any felony sex offense defined in article 130 of the Penal Law, may move for forensic DNA testing of specified evidence. The statute further provides that the motion "shall [be] grant[ed]" upon the court's determination "that evidence containing DNA was secured in connection with the investigation or prosecution of the defendant," and that, "if a DNA test had been conducted on such evidence and the results had been known to the parties prior to the entry of the defendant's plea and judgment thereon, there exists a substantial probability that the evidence would have established the defendant's actual innocence of the offense or offenses that are the subject of the defendant's motion" (CPL 440.30[1-a][a][2]; see People v McFadden, 181 AD3d 854, 855). However, "[the] Court shall deny the defendant's motion for forensic DNA testing where the defendant has made his or her motion more than five years after entry of the judgment of conviction" [*2](CPL 440.30[1-a][a][2][ii]; see People v McFadden, 181 AD3d at 855-856).
Since the entry of the defendant's judgment of conviction occurred 19 years before he made his motion, and the motion papers failed to argue or establish any of the applicable tolling exceptions of the statute (see CPL 440.30[1-a][a][2][ii]), the subject branch of the defendant's motion was properly denied as untimely (see People v McFadden, 181 AD3d at 856).
LASALLE, P.J., AUSTIN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court